**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MATTHEW FOGG,<br><br>        Plaintiff,<br><br>           v.<br><br>TOWNSHIP OF MONTCLAIR<br>DEPARTMENT OF POLICE, et al.,<br><br>        Defendant. | Civil Action No. 23-00809<br><br>**OPINION**<br><br>August 30, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Township of Montclair Department of Police ("MPD"), Sergeant Mongiovi, Officer Sofield, Officer Barnes, Officer Heiser, Township of Montclair Code Enforcement, Officer Vnencak, and Jason Santarcangelo's ("Defendants") Motion to Dismiss Plaintiff Matthew Fogg's ("Plaintiff") Amended Complaint (ECF 12, "Compl.") pursuant to Rule 12(b)(6). (ECF 25, "MTD.") The Court reviewed all submissions in support and in opposition and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

*Pro se* Plaintiff brings this action stemming from an incident involving the police on February 5, 2019 and from incidents involving Code Enforcement in August and September 2023.

---

[1] The allegations in the Complaint must be accepted as true solely for purposes of this Motion, except where conclusory and/or implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

(ECF 12, Compl. at 3.) On February 5, 2019 Sergeant Mongiovi and Officers Sofield, Barnes, Heiser, and two unidentified MPD officers, entered Plaintiff's property, questioned his presence in his home and searched him. (*Id.*) Plaintiff provided proof of ownership of the property, but the officers proceeded to detain him. (*Id.*) Officers also searched Plaintiff's rental vehicle as it was parked outside the home. (*Id.*)

In April 2023, Officer Vnencak cited Plaintiff's property for code violations. (*Id.*) In September 2023, Defendant Santarcangelo requested the issuance of one or more bench warrants against Plaintiff and threatened fines for ordinance violations at the property. (*Id.*) Plaintiff sustained injuries including emotional distress and financial costs because of the alleged detention and retaliation. (*Id.* at 4.) Plaintiff seeks an injunction, "enjoining [Defendants] from harassing, racially profiling and retaliating against Plaintiff (or his [p]roperty)," $250,000 for lost rent from his property, and $1,500,000 for deprivation of his "constitutional rights to liberty." (*Id.*)

Plaintiff filed this suit on February 10, 2023. (*See* ECF 1.) Plaintiff filed an Amended Complaint on October 17, 2023. (ECF 12, Compl.) Defendants filed the instant Motion to Dismiss the Complaint in December 2023. (ECF 25, MTD.) Plaintiff opposed. (ECF 26, "Opp.") Defendants filed a reply. (ECF 27, Reply.) On May 2, 2024, Magistrate Judge Almonte stayed discovery pending the outcome of the instant motion to dismiss. (ECF 36.) Plaintiff appealed Judge Almonte's decision on May 15, 2024. (ECF 37, Appeal.)

## II.   <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A

complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010). It is well established that a *pro se* complaint "however inartfully pleaded[,] must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).

### III.   <u>ANALYSIS</u>

Plaintiff attempts to plead violations of Section 1983 and 1981: "[Plaintiff's] constitutional rights to liberty (i.e., to be free from harassment, racial profiling, unlawful detention, and retaliation) and property under color of law, in violation of [Section 1983] . . . and his right to equal treatment under the law and to be secure in his person and property" in violation of Section 1981.

Section 1983 allows a plaintiff to bring a claim for certain violations of his or her constitutional rights.[2] Section 1983 is not a source of substantive rights, but a method for vindicating those rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). To state a claim for relief under Section 1983, a plaintiff must allege the defendant: (1) violated a right secured by the Constitution or laws of the United States; and (2) the alleged deprivation was committed or caused by a person acting under color of state law. *Mikhaeil v. Santos*, 646 F. App'x 158, 161-62 (3d Cir. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Separately, to state a claim under Section 1981[3], a plaintiff must plausibly allege: (1) that he "is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant;

---

[2] Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

[3] Section 1981 provides that

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

and (3) discrimination concerning one or more of the activities enumerated in the statute," which include the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796-97 (3d Cir. 2001) (citing § 1981). A plaintiff need not allege state action on the part of the defendant to assert a § 1981 claim. *Brown*, 250 F.3d at 797.

Here, the Complaint fails to specify which rights Plaintiff seeks to assert as part of his Section 1983 claim and otherwise fails to state a claim under Section 1981. Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Even *pro se* litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma v. City of Phila.*, 738 F. App'x 106, 107 (3d Cir. 2018). The Complaint currently does not specify which underlying right was violated as to state a claim under Section 1983. The Complaint also fails to allege facts to state a claim under Section 1981: no allegations exist as to the three elements necessary to state a claim under Section 1981. Despite Plaintiff's *pro se* status, the Complaint lacks the requisite specificity to survive a motion to dismiss.

Additionally, Defendants argue that Plaintiff's Section 1983 claim is barred by the statute of limitations. (ECF 25, MTD at 6-7.) When, as here, a defendant challenges the timeliness of Section 1983 claims, four questions must be answered: "(1) what law governs the statute of limitations; (2) the length of time provided for by the statute of limitations; (3) what law governs

accrual of the cause of action; and (4) when the statute began to accrue for [p]laintiff's claim." *Hassani v. New Jersey*, Civ. No. 21-75, 2022 WL 1291311, at *3 (D.N.J. Apr. 30, 2022) (quoting *Crisdon v. City of Camden*, Civ. No. 11-02087, 2012 WL 685874, at *3 (D.N.J. Mar. 2, 2012)).

As to the first and second questions, because "[a] section 1983 claim is characterized as a personal-injury claim," it is "governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *accord Ong v. Hudson Cnty. Superior Ct., New Jersey L. Div. Admin. Off.*, 760 F. App'x 133, 135 (3d Cir. 2018). Here, the statute of limitations for Plaintiff's section 1983 claims is two years because the claims arise in New Jersey and the applicable statute of limitations is two years. *See* N.J. Stat. Ann. § 2A:14-2 (requiring personal-injury claims in New Jersey to be commenced within two years); *see also Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 859-60 (3d Cir. 2014) ("In New Jersey, . . . personal injury claims are governed by a two-year statute of limitations. Consequently, the statute of limitations for . . . a violation . . . under [ ]§ 1983 . . . is two years."); *Dique*, 603 F.3d at 185 ("[A] section 1983 claim arising in New Jersey has a two-year statute of limitations."); *Ong*, 760 F. App'x at 135 ("In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions."); *Nash v. New Jersey*, Civ. No. 22-01804, 2022 WL 4111169, at *2 (D.N.J. Sept. 8, 2022) ("New Jersey's two-year statute of limitations . . . applies to any claims asserted under 42 U.S.C. § 1983.").

As to the third question, federal law controls when a section 1983 claim accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." (emphasis in original)); *Coello v. DiLeo*, 43 F.4th 346, 352 (3d Cir. 2022) ("We assess this claim-accrual issue by looking to federal law.").

As to the fourth question, under federal law, "a § 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of her injury." *Coello*, 43 F.4th at 352. The federal courts have set some distinct accrual rules for certain Section 1983 claims. For claims of false arrest and imprisonment, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397; *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) ("For a false arrest, . . . the moment [of accrual is] when legal process justifies the detention or, absent legal process, the moment of release."). For procedural-due-process violations, the limitations period begins when a claimant is on notice of the violations. *See Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014); *Hassani*, 2022 WL 1291311, at *3 ("Procedural-due-process violations: Statute of limitations begins to run when [claimant] became aware of the violations." (citing *Opoku v. Educ. Comm'n for Foreign Med. Graduates*, 574 F. App'x 197, 202 (3d Cir. 2014))).

Because Plaintiff alleges that the initial incident at his property took place in February 2019, his Section 1983 claim is barred by the statute of limitations. As such, Plaintiff's Section 1983 claim is dismissed with prejudice. As discussed above, Plaintiff's Section 1981 claim is dismissed without prejudice for pleading deficiencies.[4]

---

[4] Because no other claims survive, Plaintiff's appeal of Judge Almonte's decision to stay discovery pending resolution of this motion (ECF 37) is administratively terminated as moot.

IV.     **CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (ECF 25) is **GRANTED**. Within thirty (30) days, Plaintiff may file an amended complaint addressing the deficiencies identified in this opinion. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     José R. Almonte, U.S.M.J.
        Parties